UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
REBECCA ROTTIER,                                                        :
                                                                        :
                            Plaintiff,           :        12 Civ. 1324 (PAE)
                                                                        :
            -v-                                  :        OPINION & ORDER
                                                                        :
DAVID PAZ, et al.,                                                      :
                                                                        :
                            Defendants.          :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

     Plaintiff Rebecca Rottier, proceeding *pro se*, brings this diversity action for tortious interference with contract; intentional and negligent infliction of economic harm; fraud; and a permanent injunction, all in connection with the proposed sale of shares in a cooperative housing corporation. Defendant David Paz moves to dismiss this complaint for, *inter alia*, lack of subject matter jurisdiction. As explained below, Paz's motion to dismiss on that ground is granted, on the basis of the *Rooker-Feldman* doctrine.[1]

---

[1] The original Complaint in this case names Paz as the only defendant. Dkt. 1. The Amended Complaint purports to name four additional defendants: Moran Shuster, Tal Fuhrer, 130 W Coop LLC, and CIDH-VCMB LLC. Dkt. 19. However, there is no indication that these defendants were ever served. Accordingly, the claims against them are also dismissed.

**I.     Background**

    **A.     Facts**[2]

Rottier, an Israeli citizen, owns shares in a cooperative housing corporation, 205 West 103 Owners Corp. (the "Coop"). Rottier is on the board of the Coop.

In November 2010, R&L Realty Associates ("R&L"), which is not a party to this action, entered into a contract with Paz to sell him 25 unsold shares in the Coop. R&L is a partnership with two partners, Ruth Shomron and Mali Fuks. At the time the contract was signed, litigation was already underway regarding the sale of shares in the Coop.

In 2002, Shomron filed a suit in the Supreme Court of the State of New York, New York County. *See Shomron v. Griffin, et al.*, Index No. 102882/02. In that action, Shomron, on behalf of R&L, successfully sought to rescind the sale of certain Coop apartments to defendants who are not parties here. *See Shomron v. Griffin*, 70 A.D.3d 406 (1st Dep't 2010). As is most pertinent to this case, on August 16, 2010, Justice Marcy Friedman issued an Order giving Shomron the power to sell 25 apartments at the Coop owned by R&L, and specifically providing that Shomron was authorized to do so in a bulk sale ("the August 2010 Order"). In that action, Fuks had opposed the bulk sale of the apartments, to no avail.

In April 2010, the Coop brought a separate action in the same court against Shomron and R&L. *See 205 W. 103 Owners Corp. v. Ruth Shomron and R & L Realty Assocs.*, Index No. 105360/10. In that action, the Coop sought a permanent injunction enjoining the sale of these shares to Paz. The Coop also brought claims for breach of contract, breach of fiduciary duty,

---

[2] The Court's account of the underlying facts in this case is drawn from the Amended Complaint (Dkt. 19). On a motion to dismiss, the Court takes all facts pleaded in the complaint as accurate. However, a court "may also look to public records . . . in deciding a motion to dismiss." *Blue Trees Hotel Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). To the extent Paz's filings in this case cite information from public records, the Court has considered such information in deciding this motion.

breach of the covenant of good faith and fair dealing, and fraud.  Notably, Rottier verified the complaint in that action as an officer of the Coop.  On November 19, 2010, Justice Friedman granted R&L's motion to dismiss and denied the Coop's motion for a preliminary injunction (the "November 2010 Order").  In that Order, Justice Friedman stated that the current action was "nothing more than an attempt to make an end run around" the August 2010 Order.

Despite Justice Friedman's orders in these two cases, the Coop continued to refuse to cooperate in R&L's sale of 25 shares to Paz.  Accordingly, R&L brought an Article 78 proceeding in the same court against the Coop.  *See R&L Realty Assocs. v. 205 W. 103 Owners Corp.*, Index No. 104662/11.  That action sought an order directing the Coop to issue stock certificates for the 25 shares so that the sale to Paz could proceed.  On June 13, 2011, Justice Friedman granted R&L's petition, noting that the Coop's objections to the petition were "yet another attempt to frustrate this court's order" regarding the sale.  Justice Friedman ordered the Coop to "prepare, execute and deliver" all closing documents "in connection with R&L's impending sale to Paz" of the 25 shares (the "June 2011 Order").

The Coop still refused to comply.  On December 16, 2011, Justice Friedman issued an order (the "December 2011 Contempt Order"), holding the defendants, including the Coop and Rottier, in contempt for failing to comply with the court's June 2011 Order.  Justice Friedman found that the defendants (including Rottier) had "shown no excuse for their delay in complying with the [June 2011 Order] with respect to the execution of the documents necessary to effectuate the bulk sale" to Paz, and that there was "no colorable basis upon which [the Coop] objects to the sale to Paz."

On August 23, 2011, R&L commenced yet another action in the same court, this time against both the Coop and its officers, including Rottier.  *R&L Realty Assocs. v. 205 W. 103rd*

3

*Owners Corp., Rebecca Rottier, et al.*, Index No. 108106/11.  On February 2, 2012, Justice Friedman granted a temporary restraining order enjoining the Coop and its officers, including Rottier, from "taking any steps or proceedings or otherwise taking any acts" to interfere with the sale of the 25 shares, pending final judgment in that matter (the "February 2012 TRO").

Less than three weeks later, Rottier commenced this action.

### B.     Procedural History

On February 22, 2012, Rottier filed her original complaint in this action.  Dkt. 1.  On April 25, 2012, Paz moved to dismiss Rottier's complaint.  Dkt. 7.  On May 11, 2012, Rottier filed an amended complaint, and on May 14, she opposed Paz's motion to dismiss.  Dkts. 17, 19.  In a letter dated June 1, 2012, counsel for Paz informed the Court that he would file a reply addressing both Rottier's original and amended complaints.[3]  Dkt. 20.  Paz filed that reply on June 18, 2012.  Dkt. 21.  Rottier filed a sur-reply on June 22, 2012.  Dkt. 26.

In her Amended Complaint, Rottier argues that her due process and equal protection rights have been violated by the New York Supreme Court, which she claims is "heavily biased in favor of local" interests, including those of R&L and Paz.  Am. Compl. ¶ 7.  Rottier claims she "cannot get [an] independent and unbiased trial" at state court.  *Id.* ¶ 9.  She says that, were she and the other Coop board members to follow the state court's orders and allow the sale of 25 shares to Paz to go forward, they would be committing "financial suicide" by being forced to "facilitate what appears to be a loophole for money-laundering of funds" by R&L and Paz.  *Id.* ¶¶ 8, 11.  She avers that R&L and Paz have forged documents, diverted Coop money, concealed

---

[3] Pursuant to this Court's Individual Rules, Rule 3B, Paz's failure to file either an answer or an amended motion to dismiss in response to Rottier's amended complaint means that he relies on the previously filed motion to dismiss.

material information from the Coop regarding the sale to Paz, and otherwise acted in bad faith and in dereliction of their responsibilities.

The Amended Complaint alleges five causes of actions against Paz and his co-defendants: two counts of tortious interference with contract; intentional and negligent infliction of economic harm; fraud; and a request for a permanent injunction. These claims are substantially identical to those alleged in the original Complaint, the only difference being the addition of references to the newly added co-defendants.

## II. Applicable Legal Standard

To state a claim, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In construing a complaint, the Court is required to assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Additionally, the Court is required to read a *pro se* plaintiff's complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and interpret it as raising the strongest arguments it suggests, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

However, even a *pro se* plaintiff must establish that the court has subject matter jurisdiction over the action, as the "burden of demonstrating subject matter jurisdiction lies with the party asserting it." *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 141 (2d Cir. 2011).

## III. Discussion

In seeking relief from this Court, Rottier claims that her rights under the due process and equal protection clauses have been violated by the various orders, chronicled above, by the New York State courts, which consistently run in favor of R&L and Paz, and against Rottier and the

Coop. She seeks damages and a permanent injunction against the sale of the 25 shares to Paz. She argues that the sale to Paz would put the rest of the shareholders in the Coop at financial risk. As chronicled above, these same claims have been litigated repeatedly in state court in New York. The Supreme Court of the State of New York, New York County, has issued no fewer than three orders compelling the sale to go forward and for the Coop to enable that sale.

This Court lacks subject matter jurisdiction over this controversy because, under the *Rooker-Feldman* doctrine of abstention, the Court is squarely precluded from exercising jurisdiction over it. The *Rooker-Feldman* doctrine is a "judicially-created doctrine of abstention based on principles of comity." *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 133 (S.D.N.Y. 2002); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). It bars a federal district court from exercising jurisdiction over a suit that is "in fact a collateral attack on a final state court judgment." *Id.* In explaining the doctrine, the Supreme Court has stated that, where "constitutional claims presented to a United States District Court are inextricably intertwined" with a state court's decision, then the district court "is in essence being called upon to review the state court decision," which it "may not do." *Feldman*, 460 U.S. at 428 n.16.

In the Second Circuit, a district court is to consult four factors to determine whether the *Rooker-Feldman* doctrine applies:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that]\
> judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—*i.e.*, *Rooker–Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

6

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal citation and brackets omitted). Here, the second and third factors, often referred to as the substantive factors, are easily met. The Second Circuit has described the second factor as the "core requirement from which the others derive," and "the key" to *Rooker-Feldman* analysis. *Id.* at 87. Rottier clearly is complaining of injuries caused by a state court judgment: She argues that her financial interests are being jeopardized by the state court's orders compelling the sale to go forward. *See* Am. Compl. ¶¶ 8, 10, 26, 35, 47, 48, 51. As to the third factor, Rottier also explicitly seeks this Court's review of those state court judgments against her: She states that she believes she "cannot get [an] independent and unbiased trial" in state court. *Id.* ¶ 9.

The substantive factors thus met, the Court turns to the procedural *Rooker-Feldman* factors. As to the first, Rottier argues that she did not lose in state court, because the Coop, rather than she herself, was the losing party in the state court proceedings. Rottier is correct that she was not formally a party to the proceedings that resulted in the the August 2010, November 2010, and June 2011 Orders.[4] However, the Second Circuit has explained that, in the context of the *Rooker-Feldman* doctrine, the decisive question when the party bringing the federal district court action is not identical to the party that lost in state court is whether there is sufficient privity, as a matter of federal law, between the parties such that the federal plaintiff should be bound by the state lawsuit. *Hoblock*, 422 F.3d at 90. Under federal law, "a nonparty can be bound by the results of someone else's litigation 'when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party.'" *Id.* (*quoting Martin v. Wilks*, 490 U.S. 755, 762 n.2 (1989)). Here, the

---

[4] Rottier *was* a named defendant in *R&L Realty Assocs. v. 205 W. 103 Owners Corp., Rebecca Rottier, et al.*, Index No. 108106/11. The December 2011 Contempt Order and the February 2012 TRO in that case both run against her.

interests involved in the earlier state court litigation are identical to those here: In state court, the Coop argued that the proposed sale of shares to Paz by R&L would put the Coop at great risk of financial injury, because proper procedures were not being followed and information was being withheld.[5] Justice Friedman rejected that argument in the November 2010 Order. Here, Rottier similarly argues that the proposed sale of shares to Paz by R&L places her, a Coop board member and shareholder, at great risk of financial injury, for the same reasons. Rottier's stated interests in bringing this lawsuit are two: first, to protect herself financially as a member of the Coop; second, to have this Court "correct" the allegedly incorrect state court judgments. The second is impermissible under *Rooker-Feldman*, and the first is indistinguishable from the interests the Coop sought, and failed, to protect when it lost in state court. Thus, for the purposes of the *Rooker-Feldman* inquiry, Rottier lost in state court.

As to the final factor, Rottier argues that the state court orders against her have all been interlocutory in nature, and thus the *Rooker-Feldman* doctrine does not preclude this Court from exercising jurisdiction, as there has been no final state judgment rendered. That is factually incorrect. In the August 2010 Order, Justice Friedman authorized Shomron, on behalf of R&L, to sell the 25 shares; that is the same sale Rottier now seeks to enjoin. In the June 2011 Order, Justice Friedman, after reviewing the merits of the Coop's arguments, granted R&L's Article 78 petition, and ordered the Coop to "prepare execute and deliver at the closing the [necessary] documents in connection with R&L's impending sale to Paz or his designees." The June 2011 Order is explicitly designated as a "final disposition" on its cover sheet, which is signed by the presiding Supreme Court judge. The subsequent action brought by R&L against the Coop, which is currently pending before the Supreme Court, is an attempt by the Coop to enforce the

---

[5] Rottier also verified the complaint in that action as an officer of the Coop.

state court's earlier final judgment in its favor, and does not represent a new adjudication on the merits. Accordingly, the state court judgment was final and concluded before this action was commenced in February 2012.

## CONCLUSION

Because, for the reasons stated above, this Court lacks subject matter jurisdiction to hear this case, defendant's motion to dismiss is GRANTED. The Clerk of Court is instructed to terminate the motion pending at docket entry number 7, and to close this case.[6]

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: January 3, 2013
       New York, New York

---

[6] Because the Court concludes that it lacks subject matter jurisdiction to hear this case, it is unnecessary to consider Paz's alternative grounds for dismissal of the complaint.

9